CLARKE and Another *v.* HITE and Another.

A plea in abatement may be filed after the day for which the cause is docketed, and after it has been called, provided it be filed as soon as the proceedings of the plaintiff and the Court will permit.

A judgment for the plaintiff, on demurrer to a plea in abatement, is only *quod respondeat ouster.*

A plea in abatement of the writ, that at and before the date of the writ, which issued in one county and was directed to the sheriff of another, and ever since, the defendant resided in the county in which the writ issued, is sufficient.

ERROR to the *Floyd* Circuit Court.

BLACKFORD, J.—Debt against *Charles A. Clarke* and *Samuel P. Applegate,* on a promissory note. The cause was docketed for the second day of the term, but was not called until the third day. The writ had been duly served on *Applegate.* There was no return of the writ, however, showing a service on *Clarke.* The plaintiffs introduced parol evidence, tending to show that a writ in the cause had issued in *Floyd* county, without an affidavit, directed to the sheriff of *Harrison* county, and had been duly served upon *Clarke* in the last-named county, but was lost. The Court took time to advise respecting the sufficiency of this evidence, and intimated, on the ninth day of the term, that the evidence was sufficient to show the issuing, service, and loss of the writ. The defendant, *Clarke,* thereupon filed a plea in abatement of the writ. The substance of this plea is, that at the date of the writ directed to the sheriff of *Harrison* county, long before, and ever since, the defendant, *Clarke,* resided in *Floyd* county. There was a general demurrer to the plea, and the demurrer sustained. Final judgment against the defendants.

If the plea in abatement were considered bad, still this judgment would be wrong; for, in that case, a judgment only of *respondeat ouster* should have been rendered against *Clarke.* But the plea is good, and was filed as soon as, under the circumstances, it could be filed.

The facts stated in the plea showed, *prima facie,* that the writ could not be served on *Clarke* in *Harrison* county, and it was therefore not subject to the demurrer. If *Clarke* had fled or removed from *Floyd* county, after the institution of

the suit, and the plaintiffs had made an affidavit on the subject as required by the statute, those facts should have been replied.

DEWEY, J., having been concerned as counsel, was absent.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the demurrer to the plea in abatement set aside, with costs. Cause remanded, &c.

*H. P. Thornton,* for the plaintiffs.

*R. Crawford,* for the defendants.